UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------X
THOMAS GESUALDI, LOUIS BISIGNANO,
ANTHONY D'AQUILA, MICHAEL O'TOOLE,
MICHAEL C. BOURGAL, FRANK H. FINKEL,
JOSEPH A. FERRARA, SR., MARC HERBST,
DENISE RICHARDSON, and THOMAS F.
CORBETT, as Trustees and Fiduciaries
of the Local 282 Welfare Trust Fund,
the Local 282 Pension Trust Fund,
the Local 282 Annuity Trust Fund, the
Local 282 Job Training Trust Fund, and          MEMORANDUM & ORDER
the Local 282 Vacation and Sick Leave           14-CV-5276(JS)(SIL)
Trust Fund,

                        Plaintiffs,

        -against-

GRIFFIN SIGN INC. d/b/a GRIFFIN SIGN,
INC.

                        Defendant.
-------------------------------------X
APPEARANCES
For Plaintiffs:          Joseph J. Vitale, Esq.
                         Michael S. Adler, Esq.
                         Cohen, Weiss and Simon LLP
                         330 West 42nd Street
                         New York, NY 10036

For Defendant:           No appearances.

SEYBERT, District Judge:

        Currently    pending    before    the    Court    are:

(1) Plaintiffs' motion for default judgment, (Docket Entry 7);

and  (2) Magistrate Judge Steven I. Locke's Report and

Recommendation ("R&R"), recommending that this Court grant in

part and deny in part the motion for default judgment, (Docket

Entry 14).  For the following reasons, the Court ADOPTS the R&R in its entirety.

BACKGROUND

Plaintiffs Thomas Gesualdi, Louis Bisignano, Anthony D'Aquila, Michael O'Toole, Michael C. Bourgal, Frank H. Finkel, Joseph A. Ferrara Sr., Marc Herbst, Denise Richardson, and Thomas F. Corbett, as Trustees and fiduciaries of the Local 282 Welfare Trust Fund, the Local 282 Pension Trust Fund, the Local 282 Annuity Trust Fund, the Local 282 Job Training Trust Fund, and the Local 282 Vacation and Sick Leave Trust Fund (collectively, "Plaintiffs") commenced this lawsuit on October 3, 2014 against defendant Griffin Sign Inc. d/b/a Griffin Sign, Inc. ("Defendant") seeking to recover unpaid benefit contributions and related relief owed by Defendant pursuant to the Employee Retirement Income Security Act of 1974 ("ERISA").

On October 28, 2014, Plaintiffs filed an Affidavit of Service, affirming that the Summons and Complaint were served on Defendant by service on the Secretary of State on October 22, 2014.  (Docket Entry 4.)  Defendant did not answer or otherwise respond to the Complaint, and on November 13, 2014, Plaintiffs requested a Certificate of Default.  (Docket Entry 5.)  The Clerk of the Court certified Defendant's default that same day. (Docket Entry 6.)  On December 17, 2014, Plaintiffs moved for a

default judgment. (Docket Entry 7.) On February 26, 2015, the undersigned referred the motion to Magistrate Judge Steven I. Locke for a report and recommendation as to whether the motion should be granted.

Judge Locke issued his R&R on May 12, 2015. The R&R recommends that the Court grant default judgment and award Plaintiffs damages in the amount of $108,418.69, consisting of: (1) $55,531.90 in unpaid contributions, plus $12,638.10 in interest on the unpaid contributions through May 8, 2015, plus $27.38 in daily interest on the unpaid contributions from May 9, 2015 through the entry of judgment; (2) $12,638.10 in liquidated damages on the unpaid contributions through May 8, 2015, plus $27.38 daily in continued accrual of liquidated damages on the unpaid contributions from May 9, 2015 through entry of judgment; (3) $1,696.00 in interest on late-paid contributions through May 8, 2015; (4) $10,631.82 in liquidated damages on late-paid contributions; (5) $350 in audit fees; (6) $14,465.90 in attorneys' fees; and (7) $466.87 in costs. (R&R at 38.) Judge Locke further recommends that Plaintiffs' request for injunctive relief and actual unpaid contributions based on a sampling of pay stubs from six specific employees of Defendant be denied. (R&R at 38.)

<u>DISCUSSION</u>

In reviewing an R&R, a district court "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). If no timely objections have been made, the "court need only satisfy itself that there is no clear error on the face of the record." <u>Urena v. New York</u>, 160 F. Supp. 2d 606, 609-10 (S.D.N.Y. 2001) (internal quotation marks and citation omitted).

Objections were due within fourteen (14) days of service of the R&R. The time for filing objections has expired, and no party has objected. Accordingly, all objections are hereby deemed to have been waived.

Upon careful review and consideration, the Court finds Judge Locke's R&R to be comprehensive, well-reasoned, and free of clear error, and it ADOPTS the R&R in its entirety.

<u>CONCLUSION</u>

For the foregoing reasons, Judge Locke's R&R (Docket Entry 14) is ADOPTED in its entirety and Plaintiffs' motion for a default judgment (Docket Entry 7) is GRANTED IN PART and DENIED IN PART. The Clerk of the Court is directed to enter judgment in favor of Plaintiffs and against Defendant as follows: (1) $55,531.90 in unpaid contributions, plus $12,638.10 in interest on the unpaid contributions through May 8, 2015,

plus $27.38 in daily interest on the unpaid contributions from May 9, 2015 through the entry of judgment; (2) $12,638.10 in liquidated damages on the unpaid contributions through May 8, 2015, plus $27.38 daily in continued accrual of liquidated damages on the unpaid contributions from May 9, 2015 through entry of judgment; (3) $1,696.00 in interest on late-paid contributions through May 8, 2015; (4) $10,631.82 in liquidated damages on late-paid contributions; (5) $350 in audit fees; (6) $14,465.90 in attorneys' fees; and (7) $466.87 in costs. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated:    September   15  , 2015
          Central Islip, New York